UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANKAR NO NAME GIVEN[1], <br><br>Petitioner, <br><br>v. <br><br>TODD LYONS et al., <br><br>Respondents. | No. 1:26-cv-00754-DAD-CSK <br><br>ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT <br><br>(Doc. Nos. 1, 2) |

On January 29, 2026, petitioner filed a petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. Nos. 1, 2.) On the same day, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 6.)

/////

---

[1] The docket reveals that petitioner is also known as "Shankav Shankav."

1

On February 2, 2026, respondents filed an opposition. (Doc. No. 8.) Therein, respondents argue that because petitioner "entered the United States illegally and was placed in removal proceedings" petitioner is properly categorized as an "'applicant for admission who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (*Id.* at 1.) Respondents further argue that the government's prior decision to release petitioner from custody pursuant to the government's discretion does not change this fact. (*Id.* at 2.) However, respondents also concede "that this case is in the same legal and procedural posture as" *O.A.C.S.* and *Perez*. (*Id.* at 1.) Respondents submit on these arguments with respect to petitioner's motion for preliminary injunction and the petition for writ of *habeas corpus*. (*Id.*)

Petitioner is a citizen of India who entered the United States without inspection on or about May 28, 2022. (Doc. No. 1 at ¶ 3.) Petitioner was subsequently released by immigration authorities on his own recognizance. (*Id.* at ¶ 4.) Despite complying with all conditions of his release, petitioner was re-detained by immigration authorities on December 18, 2025. *(Id.* at ¶ 6.) There is no indication that petitioner was provided with prior notice or an explanation for his re-detention.

Because respondents concede that this case is at the same posture as addressed in the court's prior orders in *O.A.C.S.* and *Perez*, the court adopts the reasoning outlined in those cases and concludes that petitioner's detention violates due process.

Accordingly, for the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to prior to his detention on December 18, 2025;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden of establishing that petitioner presents a

flight risk or danger to the community;

  c. Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal upon a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **February 2, 2026**    _/s/ Dale A. Drozd_
               DALE A. DROZD
               UNITED STATES DISTRICT JUDGE